ternal revenue act, it is clear that a man may be sued in a civil action—in any "appropriate action." Now, in my opinion, where the act fixes the amount of a pecuniary punishment, whether it calls it a penalty or a fine, an action of debt is an "appropriate action." And for our future guidance in relation to violations of the internal revenue act, I venture to lay down the following rules:

1. Where the punishment prescribed is a pecuniary penalty or fine only, and where the act fixes the exact amount of it, the action of debt will lie to recover it.

2. Where the punishment provided is a fine only, and the exact amount of it is not fixed by the act, but is left to the discretion of the court trying the case,—as where the language is that the party shall be fined in any sum not exceeding a certain amount,—there the action of debt will not lie, nor can any other civil action be the "appropriate" remedy, but the prosecution must be by indictment.

3. In all cases in which the act provides that imprisonment either may or must be a part of the punishment, there no civil action will lie, and the only remedy is by indictment.

The demurrer is overruled.

NOTE. Debt is the appropriate action whenever a demand is for a sum certain, and is capable of being reduced readily to a certainty. 1 Chit. Pl. 108. If a statute prohibit the doing an act under a penalty or forfeiture to be paid to a party aggrieved, and do not prescribe any mode of recovery, it may be recovered in an action of debt. Id. Whenever a statute gives a right to recover damages which are ascertained by the act itself, an action of debt lies and is proper, if no specific remedy is provided. Blackburn v. Baker, 7 Port. (Ala.) 284. It has been held in Ohio that debt is the proper remedy for a penalty imposed by a statute, though the amount is uncertain, and is to be fixed by the court between five and fifty dollars. Rockwell v. State, 11 Ohio, 130. Consult, also, U. S. v. Morin [Case No. 15,810].

---

## Case No. 15,021.

### UNITED STATES v. The ECHO.

[4 Blatchf. 446;[1] 20 How. Prac. 517.]

Circuit Court, N. D. New York. Sept. 1, 1860.

SHIPPING—PUBLIC REGULATIONS—CARRYING PASSENGERS WITHOUT LICENSE—EXEMPTIONS—TUG BOAT.

1. Where a steam vessel usually employed as a tow boat, transported passengers from Buffalo to Canada, and back, a distance of 12 or 15 miles each way, for pay, *held*, that she was liable to the penalty imposed for a violation of section 2 of the act of July 7, 1838 (5 Stat. 304), in transporting passengers without a license, and that she was not entitled to the benefit of the exemption created by section 42 of the act of August 30, 1852 (10 Stat. 75), in favor of a steamer used as a tug boat or a towing boat.

2. Such exemption applies only to a steamer while engaged in towing, or in the business of towing, and not to a steamer usually engaged in towing.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[Appeal from the district court of the United States for the Northern district of New York.]

This was an appeal from a decree of the district court, adjudging against the propeller Echo a penalty of $500 for a violation of the acts of congress of July 7, 1838 (5 Stat. 304), and August 30, 1852 (10 Stat. 75).

NELSON, Circuit Justice. It appears, from the proofs, that the propeller was usually employed as a tow boat in and about the harbor of Buffalo, but that, on the 10th of June, 1857, she transported some one hundred passengers from Buffalo to Point Albino, Canada, on Lake Erie, and back, a distance of twelve or fifteen miles each way, and took pay for the same.

By the second section of the act of 1838, it is provided that it shall not be lawful for the owner, master, or captain of any steamboat or vessel, etc., to transport any goods or passengers upon the bays, lakes, etc., of the United States, without having first obtained from the proper officer a license under the existing laws, and without having complied with the conditions imposed by that act. The forty-second section of the act of 1852 exempts from the operation of that act steamers used as ferry boats, tug boats or towing boats.

It is insisted, on the part of the defence, that the propeller, in the present case, comes within the exception in the above section, inasmuch as she is usually employed in the business of towing. But, the plain answer to the objection is, that the exception does not apply to steamers usually engaged in ferrying or towing, but to steamers while thus engaged, or while engaged in that business. If they leave that business and engage in transporting passengers, even for a single trip, they are, while thus engaged, out of the exception, not only in words, but in the spirit, intent, and mischief of the act, and are within the conditions and penalties therein prescribed. The question is not, whether the steamer has been usually employed in the towing business, but, what was her employment and service at the time complained of. If it was the transportation of passengers, then she is responsible for a full compliance with all the conditions required of vessels in that service, whatever may have been, or whatever may subsequently be, her employment. Any construction of the acts short of this, would but open the way to an evasion of their requirements.

Decree affirmed.

---

## Case No. 15,022.

### UNITED STATES v. ECKEL.

[Cited in Case of Lange, Case No. 8,065. Nowhere reported; opinion not now accessible.]

---

## Case No. 15,023.

### UNITED STATES v. The ECLIPSE.

[See The Eclipse. Case No. 4,269.]